## In re IRVING ELECTRICAL SUPPLY CO.

District Court, S. D. New York.

June 16, 1941.

Abraham J. Multer, of New York City, for trustee.

Schechter & Sulzberger, of New York City, for Mohawk Electrical Sales Co., objecting creditor.

CONGER, District Judge.

Under the order of confirmation which incorporated by reference the proposed amended plan of arrangement, the Court retained jurisdiction not only of the debtor but also of the debtor's assets. Thus it is apparent that title to its assets did not revest in the debtor upon confirmation but said debtor continued to function as a debtor-in-possession, subject to control by the court. Although no express order of the Court was obtained permitting the debtor-in-possession to continue the business, this permission is clearly implied from a reading of the proposed amended plan of arrangement which was made a part of order of June 15, 1939, confirming the arrangement.

The purchase which is the subject of the claim herein appears to have been made in the ordinary conduct of this business and was not in any sense an unusual transaction. As such, no special order was required and the implied general authorization of the debtor-in-possession to continue doing business justified this transaction. Cf. In re Avorn Dress Co., 2 Cir., 78 F.2d 681; In re Lambertville Rubber Co., 3 Cir., 111 F.2d 45. Therefore the Referee properly allowed respondent's claim for priority inasmuch as the claim herein is an expense of administration within Section 64, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a.

Settle order on notice.