**In re GELARDIN, Inc.**

**No. 38661.**

District Court, E. D. New York.

Aug. 20, 1941.

Simon S. Hamburger, of New York City, for trustee.

Isidore Siegel, of Brooklyn, N. Y., for E. I. Du Pont de Nemours & Co. Inc., and another.

CAMPBELL, District Judge.

This matter comes before this Court on two separate petitions, to review the action of the Referee by two separate orders, each dated June 10th, 1941, which disallowed the said claims respectively as priority claims.

The same question is involved in each of the petitions for review, and they have been briefed together, therefore, one opinion will suffice.

The bankrupt herein filed a petition under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., and became a debtor in possession and under orders of the Court conducted business as such.

On May 28th, 1940, the amended plan of arrangement was confirmed.

On January 10th, 1941, the debtor defaulted in the making of the payments provided for in the amended plan of arrangement, and on the debtor's consent, it was adjudicated a bankrupt by order of this Court.

The claims here in question are for merchandise, which the debtor purchased on credit from the two claimants, for sale in its business, between May 28th, 1940, the date of the confirmation of the amended plan of arrangement, and January 10th, 1941, the date of the debtor's adjudication as a bankrupt.

The two claimants contend that they are entitled to priority for such claims as "costs and expenses of administration" under Section 64, sub. a(1) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(1).

The plan provided for retention of jurisdiction by the Court.

The order of confirmation, after providing for the disposition of the funds necessary to pay the priority claims and administration expenses, stated "Ordered, that this Court shall retain jurisdiction until the provisions of the Arrangement have been fully performed."

The question of claims arising after confirmation is discussed without the citation of any authorities in Collier on Bankruptcy, 14th Ed., Vol. 8, pp. 1409, 1410, 1411, 1412; where at page 1412 it is said

"But retention of jurisdiction after confirmation is not for all purposes, and does not give the court the jurisdiction over the business and affairs of the debtor which would be requisite to constitute new debts expenses of administration."

At pages 1245 and 1246 the meaning of the retention of jurisdiction is discussed, and at page 1246 it is said "The purpose of retained jurisdiction is to permit action under Sec. 377 where warranted by the facts."

The arguments there presented at length need not be repeated here, but I will point out certain outstanding reasons for my decision.

It seems to me that what Congress intended was that on the confirmation of the plan the debtor would cease operating the business under the orders of the Court, and that claims for merchandise sold to

18

the debtor, for resale as a part of his business, would not, under Section 378 of the Bankruptcy Act, 11 U.S.C.A. § 778, have priority, where the debtor was subsequently adjudicated a bankrupt, unless in the reservations of jurisdiction in the order confirming the plan it was specifically provided that the continuance of the business was to be under the order of the Court, which would make such claims expenses of administration.

This was clearly understood, and acted upon, in the case at bar.

No order allowing the debtor to continue the business was applied for, or granted, after the order of confirmation was made, and upon the making of the order of confirmation, the Referee ceased countersigning the checks of the debtor, which he had done before that time.

The only purpose for which jurisdiction was retained was to permit action under Section 377, 11 U.S.C.A. § 777.

There is nothing inequitable about this, because those creditors who sell on credit to the debtor, after confirmation of the plan, know that the debtor is no longer administering the property in the debtor proceeding, and they give him credit the same as any other debtor, and they also know that if he does not comply with the plan he may be adjudicated a bankrupt.

There is a clear distinction between an adjudication under Section 377, as in this case where the adjudication was had after the order confirming the plan, and one under Section 386, 11 U.S.C.A. § 786, where the plan is set aside or modified on the ground of fraud.

If the debtor could by his purchases after confirmation of the plan continue to give priority for new purchases, the conditions could be so changed that the whole plan would be changed, and the benefit of the priorities granted to those who sold to the debtor, while administering the estate under order of the Court to make possible the forming of the plan, would be reduced if not destroyed. This, it seems clear to me, was not the intent of Congress, and should not be allowed.

The only case cited by either side is that of In re Irving Electric Company, D.C. S. D. N.Y., 41 F.Supp. 16, opinion of Conger, J., cited on behalf of the claimants. In that case the Court, by its order, retained jurisdiction over the debtor and its assets, while in the case at bar the Court by its order generally retained jurisdiction without mentioning assets.

I respectfully disagree with the holding in that case as applied to the case at bar that notwithstanding the fact that no order of the Court was obtained permitting the debtor in possession to continue in business under order of the Court after the making of the order of confirmation of the plan, such permission was clearly implied. On the contrary, it is clear to me that by the order confirming the plan the debtor ceased operating the business as a part of the administration of the estate, and although he may have continued as a trustee until the plan was carried out, the conducting of the business after that time was not an administration of the estate, but for its own benefit.

The motions of the trustee are granted, and the petitions for review here in question, are overruled and dismissed.